# Tatnall *et al. v.* Rome F. & M. Works.

*Action on Promissory Note.*

1. *Purchase of goods by mail; acceptance of offer.*—Where goods are ordered by mail, and shipped as ordered, with invoice to the purchaser, but the bill of lading, with draft for the price, is sent to a bank for collection, and payment refused by purchaser, who submits an offer to pay in thirty days, which offer is accepted by mail, whereupon the purchaser sends his note payable in thirty days. *Held*, that the sale is completed by the vendor's acceptance of the buyer's offer.

APPEAL from Calhoun Circuit Court.

Tried before the Hon. LEROY F. BOX.

This was a suit brought by the appellee to recover the amount of a promissory note made by appellants in payment

of a bill of hardware shipped by the former, from Rome, Ga., to the latter, at Piedmont, Ala., under the circumstances that appear in the opinion of the court. The defense was that there was no consideration for the note sued on, and that the same had been procured from defendant by the fraud and misrepresentation of the plaintiff. Issue was taken on these pleas, and evidence offered by the plaintiff and the defendants in maintenance and defense of the action. Several charges were asked by and given for the plaintiff, that it is not necessary to set out, as they are not involved in the view taken of the case by this court.

COOKE & COOKE, for appellants.

S. D. G. BROTHERS and W. J. BROCK, for appellee.

COLEMAN, J.—The litigation grew out of a shipment of hardware by the Rome Foundry & Machine Works, the plaintiff in the action, to the defendants, now appellants. The goods were shipped from Rome, Ga., to Piedmont, Ala. There is communication twice a day by mail between the two points, and communication by telegraph. The invoice of the goods was sent to appellants, but the bill of lading with draft attached for the purchase price, was sent to the bank at Piedmont. The defendants could not get possession of the goods without the bill of lading. No question is raised as to the value of the goods, their condition and arrival in due time at Piedmont. Nothing was said at the time of the purchase of the goods as to the time of payment; and there is no evidence which establishes a custom or an implied agreement as to the time of payment. If there had been, the subsequent transactions between the parties were of such a character as to remove the transaction without the influence of any such implied understanding. The defendants' pleas were "fraud in obtaining the note sued upon," and "failure of consideration." To arrive at a just conclusion from the evidence it is necessary to observe with particularity the date of the respective transactions between the parties subsequent to the arrival of the goods and draft with bill of lading in Piedmont. On the 7th of April, 1891, the draft with bill of lading was presented to defendants for payment. Payment was refused, and on the same day the defendants wrote to plaintiff the following proposition: "Will accept goods on these terms only: 30 days, or 20 per cent. off at ten days, or a 30 day acceptance." On the 8th of April, plaintiff replied, "send us 30 days acceptance," &c.

[Tatnall, et al. v. Rome F. & M. Works.]

On April 9th, the defendants forwarded to plaintiff the note sued on. On April 10th, defendants received from plaintiff draft for acceptance at 30 days, dated April 9th. On the same day, April 10th, after receiving the draft for acceptance, the defendants wrote plaintiff as follows : "Yours of the 9th at hand. You have not accepted our proposition of 7th inst. Therefore, goods are here, subject to your disposal." After mailing this letter, on the same day, defendants received a telegram from plaintiff as follows : "Will wire bank at once to release bill of lading ;" and on the same day (10th of April) a letter in which plaintiff acknowledged the receipt of defendants' note of April 9th, and acceptance of same. On same day defendants replied by letter to plaintiff acknowledging receipt of telegram and letter ; but stated they came "too late." Defendants declined to receive the goods or pay the note.

It will be seen from this statement that the plaintiff did not refuse to accept defendants' proposition of April 7th ; but by their card of April 8th, accepted the proposition of "30 days acceptance." The defendants not only refused to comply with their own proposition by sending the "30 days acceptance," but sent their note dated April 9th, at thirty days. The evidence is entirely satisfactory to show that as soon as this note was received it was accepted, of which both by telegram and letter received by defendants on April 10th, they were notified. We are satisfied that plaintiffs were guilty of no laches, that they acceded to defendants' proposition as to the time and mode of payments, as soon as apprised of them. There is not the shadow of merit in the defense offered to plaintiff's demand ; and the plaintiff was entitled to the general affirmative charge.

It is unnecessary to consider the charges.

Affirmed.